**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CDM CONSTRUCTORS INC., | |
| Plaintiff, | Civil Action File No**.** |
| v. | 1:19-cv-01178-MHC |
| RANDALL MECHANICAL INCORPORATED and HARTFORD FIRE INSURANCE COMPANY, | **TRIAL BY JURY  IS HEREBY DEMANDED** |
| Defendants. | |
| UNITED STATES, for the Use of RANDALL MECHANICAL, INC. | |
| Plaintiff, | |
| v. | |
| CDM CONSTRUCTORS INC., FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, AND GREENWICH INSURANCE COMPANY | |
| Defendants. | |

## COUNTERCLAIM

COMES NOW Defendant and Counterclaim-Plaintiff Randall Mechanical Incorporated ("Randall") in the above-styled action, and files this Counterclaim against Plaintiff and Counterclaim-Defendant CDM Constructors Inc. ("CDM"), and Counterclaim-Defendants Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, XL Specialty Insurance Company, and Greenwich Insurance Company, (all together, the "Miller Act Sureties"), showing the Court as follows:

## PARTIES

### 1.

Randall is a corporation incorporated in Florida with its principal office located in Apopka, Florida.

### 2.

CDM is a Massachusetts corporation with its principal office located in Denver, Colorado. CDM is thus a citizen of the states of Massachusetts and Colorado.

### 3.

Fidelity and Deposit Company of Maryland ("F&D") is a Maryland

insurance company with its principal office located in Schaumburg, Illinois. Service of process may be made on F&D by serving its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

4.

Zurich American Insurance Company ("Zurich") is a New York company with its principal office in Schaumburg, Illinois. Service of process may be made on Zurich by serving its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5.

XL Specialty Insurance Company ("XL") is a Delaware insurance company with its principal office located in Stamford, Connecticut.  Service of process may be made on XL by serving its registered agent Linda Banks, c/o CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046-4805.

6.

Greenwich Insurance Company ("Greenwich") is a Delaware insurance company with its principal office located in Stamford, Connecticut.  Service of process may be made on Greenwich by serving its registered agent Linda Banks, c/o CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046-

4805.

## JURISDICTION AND VENUE

### 7.

This Court has jurisdiction pursuant to U.S.C. § 1332(a) because there is complete diversity between CDM and the above-named Defendants and the amount in controversy exceeds the sum of $75,000.00. This Court also has jurisdiction, pursuant to 40 U.S.C. § 3133(b)(3).

### 8.

Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

### 9.

The Savannah Harbor Expansion Project ("SHEP") is an ongoing construction project of the U.S. Army Corps of Engineers ("USACE") for the Georgia Ports Authority.  CDM is the general contractor to the USACE on the SHEP sub-project known as the SHEP Dissolved Oxygen Injection System Project (the "Project").

### 10.

All conditions precedent to Randall's right to be part and to bring this action have been performed or otherwise excused or waived.

11.

CDM subcontracted with Randall to perform portions of the work that CDM had contracted with USACE to perform.  A true and correct copy of the subcontract exclusive of voluminous incorporated documents is attached hereto as Exhibit 1 (the "Subcontract").

12.

Randall, as Principal, and the Miller Act Sureties, as Surety, executed a Miller Act Payment Bond (F&D and Zurich No.: 09189136 and XL and Greenwich No.: US00070518SU15A) in favor of the United States of America, as Obligee, in the amount of $99,675,591 (the "Bond"). A true and correct copy of the Bond is attached hereto as Exhibit 2.

13.

The Miller Act, 40 U.S.C. §§3131-3134, statutorily provides that an unpaid subcontractor such as Randall may bring suit against the Miller Act Sureties on the payment on bond for amounts owed for more than 90 days by the principal on a Miller Act Bond.

14.

Randall brings this Action pursuant to the Miller Act to collect on the bond from CDM and the Miller Act Sureties for unpaid amounts owed by CDM for Randall's work on the Project.

15.

Randall also brings this Action to recover damages from CDM under various causes of action discussed below.

16.

CDM repeatedly failed to perform its obligations under the Subcontract, including by:

A)     Actively interfering with Randall's work;

B)      Failing to provide crucial information;

C)      Failing to timely provide materials and equipment that Randall was to install;

D)     Failing to complete precedent work and otherwise failing to provide Randall access to the work and work areas required for Randall to perform its work;

E)      Demanding unreasonable acceleration efforts;

F)      Failing to pay for work performed by Randall; and

G)     Wrongfully terminating the Subcontract.

## COUNT I - BREACH OF CONTRACT

### 17.

Randall incorporates and realleges as if fully stated herein the averments of Paragraphs 1 through 16, above.

### 18.

CDM's failure to perform its obligations materially breached the Subcontract, causing damage to Randall in an amount exceeding $75,000 to be proven at trial.

## COUNT II - UNILATERAL ABANDONMENT OF CONTRACT

### 19.

Randall incorporates and realleges as if fully stated herein the averments of Paragraphs 1 through 16 above.

### 20.

CDM's failures to perform its obligations under the Subcontract, combined with its other acts and omissions, constitute an abandonment of the Subcontract.

### 21.

Randall is entitled to recover the value of the work it performed on the Project but for which it has not been paid.  Such amount exceeds $75,000.

## COUNT III - MUTUAL ABANDONMENT OF CONTRACT

22.

Randall incorporates and alleges as if fully stated herein the averments of Paragraph 1 through 16, above.

23.

CDM and Randall mutually abandoned the Subcontract as evidenced by their departures from the terms of that Subcontract.

24.

Randall is entitled to recover the value of the work it performed on the Project but for which it has not been paid.  Such amount exceeds $75,000.

## COUNT IV - UNJUST ENRICHMENT

25.

Randall incorporates and alleges as if fully stated herein the averments of Paragraph 1 through 10, above.

26.

CDM induced or encouraged Randall to provide something of value to CDM, with the expectation that CDM would be responsible for the cost thereof; and CDM knew of the benefit being bestowed upon it by the Randall and either

affirmatively chose to accept the benefit or failed to reject it.

27.

Randall is entitled to recover the value of the benefit it bestowed upon CDM.  Such amount exceeds $75,000.

## **COUNT V - PROMISSORY ESTOPPEL**

28.

Randall incorporates and alleges as if fully stated herein the averments of Paragraph 1 through 10, above.

29.

CDM made promises upon which it reasonably should have expected the Randall to rely; Randall relied on CDM's promises to its detriment; and injustice can be avoided only by enforcing the promises because Randall forwent a valuable right.

30.

CDM has not fulfilled its promises to Randall, and Randall is entitled to recover the value of promises which CDM has failed to perform.  Such amount exceeds $75,000.

## COUNT VI - QUANTUM MERUIT

31.

Randall incorporates and alleges as if fully stated herein the averments of Paragraph 1 through 10, above.

32.

Randall performed services valuable to CDM that were requested by or knowingly accepted by CDM; CDM's receipt of the services without compensating Randall would be unjust; and Randall expected compensation at the time the services were performed.

33.

CDM has not paid Randall the full value of those services, and Randall is entitled to recover the value of the services it performed for CDM.  Such amount exceeds $75,000.

## COUNT VII – BREACH OF THE BOND

34.

Plaintiff hereby realleges and incorporates Paragraphs 1-16 referenced above.

35.

The Bond is a valid, binding surety contract supported by consideration and

executed by CDM and the Miller Act Sureties.

36.

The Bond was executed for Randall's benefit and Randall is a third-party beneficiary with the right to enforce the Bond's terms.

37.

CDM has failed and refused to pay Randall for a period exceeding nintey days and less than one year amounts that are due and owing for Randall's work on the Project.

38.

The Miller Act Sureties breached the terms of the Bond failing and refusing to pay Randall all amounts owed by CDM.

39.

Pursuant to the Miller Act, 40 U.S.C. § 3131, et seq., the Miller Act Sureties are jointly and severally liable with CDM for the amounts due to Randall.

40.

As a result of the Miller Act Sureties's breach of the Bond, Randall has suffered (and continues to suffer) damages in an amount to be proven at trial exceeding $75,000.

-11-

## COUNT VIII - INTEREST

41.

Randall and CDM engaged in a transaction to sell or furnish goods or services.

42.

CDM failed to pay Randall all amounts due for those goods or services.  The outstanding contract balance and retainage is $1,769,878, not including any other damages or amounts for which Randall is owed.

43.

Pursuant to O.C.G.A. § 7-4-16, Randall is entitled to prejudgment interest on the unpaid contact balance at the rate of 1.5% per month.

## COUNT IX – ATTORNEYS' FEES AND EXPENSES

44.

Randall incorporates and alleges as if fully stated herein the averments of Paragraph 1 through 16, above.

45.

CDM has acted in bad faith, has been stubbornly litigious, and has caused Randall undue trouble and expense entitling Randall to recover its cost and expenses of this litigation.

-12-

WHEREFORE CDM respectfully requests that the Court:

(a)      Award Randall damages against CDM under Count I of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(b)      Award Randall damages against CDM under Count II of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(c)      Award Randall damages against CDM under Count III of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(d)      Award Randall damages against CDM under Count IV of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(e)      Award Randall damages against CDM under Count V of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(f)       Award Randall damages against CDM under Count VI of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(g)      Award Randall damages against CDM and Miller Act Sureties under Count VII of this Counterclaim in an amount exceeding $75,000 to be proven at trial;

(h)      Award Randall prejudgment interest at the rate of 1½% per month pursuant to Count VIII of this Counterclaim

(i)      Grant Randall its attorneys' fees and cost against CDM under Count IX of this Counterclaim in an amount to be proven at trial; and

(j)     Grant Randall such other and further relief as it may deem just and proper.


Respectfully submitted, this 14th day of May 2019.

> **SMITH, GAMBRELL & RUSSELL, LLP**
>
> /s/ *Gregory K. Smith*
> Gregory K. Smith
> Georgia Bar No. 658363
> gsmith@sgrlaw.com
> Peter M. Crofton
> Georgia Bar No. 197122
> pcrofton@sgrlaw.com
>
> Promenade, Suite 3100
> 1230 Peachtree St., N.E.
> Atlanta, Georgia 30309
> Telephone:  (404) 815-3736
> Facsimile:  (404) 685-7036
> *Attorneys for Randall Mechanical, Inc.*

## **LR 7.1 CERTIFICATE**

Pursuant to L.R. 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1B. This document was prepared using Times New Roman 14 point font.

/s/ *Gregory K. Smith*
Gregory K. Smith
Georgia Bar No. 658363
gsmith@sgrlaw.com

**SMITH, GAMBRELL & RUSSELL, LLP**
Promenade, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia 30309

Telephone:  (404) 815-3736
Facsimile:  (404) 685-7036

*Attorneys for Randall Mechanical, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CDM CONSTRUCTORS INC., | |
| Plaintiff, | |
| v. | Civil Action File No**.** 1:19-cv-01178-MHC |
| RANDALL MECHANICAL INCORPORATED and HARTFORD FIRE INSURANCE COMPANY, | |
| Defendants. | **TRIAL BY JURY  IS HEREBY DEMANDED** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 14, 2019, I electronically filed Defendants Randall

Mechanical, Inc.'s Counterclaim with the Clerk of Court using the CM/ECF

system which will automatically send email notification of such filing to the

following attorneys of record:

| | |
|---|---|
| Brad C. Parrott Georgia Bar No. 595999 bparrott@hpwlegal.com | John V. Burch Georgia Bar No. 094900 jvb@boviskyle.com |
| Zachary R. Hall Georgia Bar No. 397354 zhall@hpwlegal.com | Bovis, Kyle, Burch & Medlin, LLC 200 Ashford Center North Suite 500 |
| Hudson Parrott Walker LLC | Atlanta, GA 30338-2668 |

| Fifteen Piedmont Center, Suite 850 |  |
| 3575 Piedmont Road, NE |  |
| Atlanta, Georgia 30305 |  |

/s/ *Gregory K. Smith*
Gregory K. Smith
Georgia Bar No. 658363
gsmith@sgrlaw.com


**SMITH, GAMBRELL & RUSSELL, LLP**
Promenade, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia 30309

Telephone:  (404) 815-3736
Facsimile:  (404) 685-7036

*Attorneys for Randall Mechanical, Inc.*